UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

AFFILIATED FM INSURANCE CO. A/S/O
NATURE'S TOURCH FROZEN FOODS, INC.
    Plaintiffs,

v.

SAQUD ENTERPRISES

    Defendants.

Cv. No. 2:13cv1814(DMC)

M E M O R A N D U M
O P I N I O N &
O R D E R

Cavanaugh, DISTRICT JUDGE:

Plaintiff Affiliated FM Insurance Co. moves for default judgment against Defendants Saqud Enterprises pursuant to Fed. R. Civ. P. 55.[1] For the following reasons, Plaintiffs' motion is **denied.**

I    DISCUSSION

Entry of a default judgment is a two-step process in the district court. Fed. R. Civ. P. 55. The entry of a default precedes the entry of the judgment by default, and can be entered by the Clerk in response to a relatively informal request, "by affidavit or otherwise," setting forth that the defendant has been served and has failed to plead or otherwise defend against the action. Fed. R. Civ. P. 55(a).

---

[1] The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

Once the default has been entered on the Docket, the party desiring a default judgment must apply to the Clerk or to the Court in accordance with the procedures contained in Federal Rule of Civil Procedure 55(b), Fed. R. Civ. P. 54(b), and Local Rules 7.1 and 58.1.  A judgment by default for a sum certain can be entered by the Clerk, but where the damages are discretionary and a request for attorneys' fees has been made, there is no longer a sum certain and the trial court must consider the default judgment application.  Thus, the Court must review the application pursuant to Federal Rule of Civil Procedure 55(b)(2).  This Court has discretion as to whether or not to grant a judgment by default upon reviewing a proper application by the party seeking relief. Fed. R. Civ. P. 55(b)(2).

The application to the Court must contain evidence, by affidavit and documents, of the following: (1) the entry of a default; (2) the absence of any appearance by any party to be defaulted; (3) that the defendants are neither infants nor incompetent; (4) that the defendants have been validly served with all pleadings, including the request for the default judgment; (5) the amount of the judgment and how it was calculated; and (6) an Affidavit of non-military service in compliance with the Soldiers' and Sailors' Relief Act, 50 U.S.C. App. §501, et seq.; Fed. R. Civ. P. 55(b), Fed. R. Civ. P. 54(b) and Local Rules 7.1 and 58.1; see Dunbar v. Triangle Lumber and Supply Co., 816 F.2d 126 (3d Cir. 1987).

Plaintiff has failed to satisfy all six of those requirements. First, plaintiff failed to request the entry of default, second plaintiff

failed to provide this court with a proposed Judgment Order.

II     CONCLUSION

For the foregoing reasons, Plaintiff's application for default judgment is **denied.**

**So ordered.**

                                 s/DENNIS M. CAVANUAGH
                                 DENNIS M. CAVANAUGH, U.S.D.J.

Dated:    23 October 2013